## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN LAVERY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.: 17-10856 |
| RESTORATION HARDWARE, INC., | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   **March 28, 2018**

## I.      Introduction

Plaintiff John Lavery brings claims against Defendant Restoration Hardware, Inc. ("RH"),

based on RH's alleged misclassification of Lavery as an independent contractor when Lavery was

allegedly in fact in employee under Massachusetts law.  D. 13.  In the request for relief in the

amended complaint, Lavery seeks wages, reimbursement for expenses, and the value of benefits

plan that he would have received had he been classified as an employee.  ¶ 5.[1]  RH now moves to

dismiss this claim for damages with respect only to the value of the benefit plans because RH

contends that that claim is preempted by federal law.  D. 14.  For the reasons discussed below, the

Court ALLOWS this partial motion to dismiss.

---

[1] All paragraph references are to the amended complaint, D. 13, unless otherwise stated.

## II.    Factual Allegations

The Court accepts all non-conclusory facts alleged in the amended complaint, D. 13, as true, Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011), and "draw[s] all reasonable inferences in favor of the plaintiff[]." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). Lavery provided services to RH from April 2013 until September 2014. ¶ 2. From April 2013 until May 12, 2014, RH classified Lavery as an independent contractor. ¶ 7. During that period, Lavery worked full time at least two days a week performing "store maintenance as directed" at RH's store in Boston. ¶ 4. Beginning around April 2014, Lavery began working at additional stores and regularly working more than forty hours a week. ¶ 6. When Lavery became classified as an employee on May 12, 2014, his duties did not change. ¶ 7. While Lavery provided services for RH, he was "not free from RH's control and direction in connection with the performance of his services" and the services he performed were "not [] outside the usual course of RH's business." ¶ 8-9. Lavery "did not have an independently established trade, occupation, profession, or business of the same nature as that involved in the services he performed for RH." ¶ 10. Lavery contends that, as a result of his misclassification, he "suffered lost wages and other benefits; . . . the value of RH's benefit plans (such as life insurance, disability insurance, medical insurance, and retirement plans)." ¶ 5.

## III.    Procedural History

On March 1, 2017, Lavery filed a complaint in Middlesex Superior Court, alleging that RH had violated the Massachusetts independent contractor law and wage law. D. 1-1. On May 15, 2017, RH removed Lavery's suit to this Court. D. 1. On June 12, 2017, Lavery filed an amended complaint, alleging counts under the same two state statutes. D. 13. RH has now filed its partial motion to dismiss as to the value of benefits under the benefit plan that Lavery seeks in the

complaint.  D. 14, 15.  The Court has heard argument on the motion and took the matter under advisement.  D. 23.[2]

## IV.     Discussion

### A.     Standard of Review

On a motion to dismiss based under Fed. R. Civ. P. 12(b)(6), the Court will dismiss a complaint that fails to allege adequate facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing the complaint, the Court can consider documents attached to or fairly incorporated into the complaint and facts susceptible to judicial notice.  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

### B.     ERISA Preemption

RH contends that the portion of the amended complaint that seeks damages based on the lost value of the benefit plans provided by RH, under two state law causes of action, is preempted by ERISA.  D. 15.  ERISA "supersede[s] any all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a).  The statute defines "State law" as "all laws, decisions, rules, or regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c).  The parties agree that the benefit plans in question are benefit plans covered by ERISA.  D. 15 at 5; D. 17 at 11.  The question, then, is whether the state law causes of action that Lavery assert "relate to" the employee benefit plans covered by ERISA.

There are "three categories of state laws that 'relate to' ERISA plans" such that they are preempted:  "(1) state laws that 'mandate[ ] employee benefit structures or their administration,' (2) state laws that 'bind plan administrators to [a] particular choice,' and (3) state law causes of

---

[2] In a related case, Lavery v. Restoration Hardware Inc. and Aetna Life Insurance Company, No. 17-10321 (D. Mass., filed Feb. 27, 2017), Lavery challenges RH's and Aetna's decision to deny him a claim for disability benefits.

action that provide 'alternative enforcement mechanisms' to ERISA's enforcement regime." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 51 (1st Cir. 2000) (quoting New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658-59 (1995)). RH contends that the Lavery's claims under the Massachusetts independent contractor law and the wage law, fall into the third category of providing an alternative enforcement mechanism to ERISA's enforcement regime. D. 15 at 4-5.

That third category was at issue in Hampers as well. In that case, the plaintiff, Hampers, contended that the terms of his employment contract with a parent company, Grace, entitled him to enrollment in a particular ERISA benefits plan provided by a subsidiary company and Hampers sued Grace for its failure to enroll him in the benefit plan. 202 F.3d at 46-48. Subsequent to the decision not to enroll Hampers in the benefits plan, Grace sold the subsidiary and relinquished control over the benefits plan provided by the subsidiary. Id.

The First Circuit held that the breach of contract claim in Hampers was preempted. It reasoned that Grace's "failure to include Hampers in the [benefit plan] underlies both Hampers's state law contract claim and his ERISA-benefits claim," which "suggests that the state law claim is an alternative mechanism for obtaining ERISA plan benefits." Id. at 52. Since Hampers, in trying to prove that the employer behaved wrongfully, "relied on the terms of" the underlying benefit plan, the First Circuit ruled that his claim was preempted, because "a cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action." Id. The court then stated that "[f]inally, Hampers measures his damages by reference to the [benefit plan] . . . . We have held that ERISA preempts state law causes of action for damages where the damages must be calculated using the terms of an ERISA plan." Id. (citing Carlo v. Reed Rolled Thread Die Co.,

49 F.3d 790, 794 (1st Cir. 1995)).

The First Circuit then addressed Hampers's argument that, because Grace had relinquished control over the benefits plan, his suit was not an attempt to enforce rights under ERISA and, therefore, his claim was not preempted. Id. at 52-53. The court also rejected that argument reasoning, that "the wrongful conduct alleged by Hampers involves a determination of whether benefits will be paid under the [benefits plan]" and "[t]hus, it is only by virtue of Grace's status as an ERISA employer with direct control over the administration and operation of the [benefits plan] that Grace could have breached the [employment agreement] in the way that Hampers insists that it did." Id. at 53 (emphasis in original).

Other courts have applied the Hampers analysis. In Reyes v. S.J. Servs., Inc., No. 12-11715, 2014 WL 5485943, at *1 (D. Mass. Sept. 22, 2014), employees sued an employer for violating the Massachusetts Wage Act because the employer failed to provide the employees with benefits they contended they were owed by the terms of their employment contract. Id. The court reasoned that it could not conclude that the employer wrongfully denied benefits "without looking to the terms of eligibility and enrollment requirements specified under the plan" and could not determine damages without looking at the plan, because damages could "only be determined by reference to the benefits should have received in the absence of any misconduct on the part of [the employer]." Id. at *14. The court then concluded that "[r]esolution of this case would require [the court] to look to the plan at least to determine damages, and likely liability as well, and therefore plaintiffs' state law claims are preempted by [29 U.S.C. § 1144(a)]." Id.

In Remington v. J.B. Hunt Transport, Inc., No. 15-10010-RGS, 2017 WL 1552316, at *1 (D. Mass. April 28, 2017), the plaintiffs claimed that the terms of their employment contracts entitled them to benefits they did not receive. That is, unlike Hampers and Reyes, the plaintiffs in

Remington took issue with the content of the employment contract itself. Id. at *1. The plaintiffs filed claims under the Massachusetts independent contractor statute and the Wage Act, contending that their employer had wrongfully misclassified them as independent contractors, and that their damages from this misclassification included, inter alia, the benefits to which they would have been entitled had they been classified as employees. Id. at *1-2. The court ruled that the benefits-related portion of the plaintiff's claim was preempted. Id. at *3-4. It reasoned that "[p]laintiffs' claims, whatever the basis of the underlying cause of action, can be distilled as non-participants seeking to recover the value of benefits they would have received as ERISA plan participants. The First Circuit has squarely held that such claims are preempted." Id. at *3 (citing Hampers, 202 F.3d at 51). Then, citing to Reyes, the court stated that "to adjudicate plaintiffs' Wage Act benefit claims here, the court would be required to look to the terms of the ERISA plans to determine whether, had plaintiffs been classified as employees, they would have been eligible as plan participants, as well as to determine the value of the benefits the plans would have conferred." Id. at *3.

RH contends that, like the plaintiffs in Remington, Lavery's claims are similarly preempted because they would require reference to the plan to determine whether, if Lavery had been classified as an employee, he would have been entitled to benefits, and what those benefits were worth. D. 15 at 3-4. Lavery, however, contends that Remington was wrongly decided, because it exceeds the reach of both Hampers and Reyes. D. 17 at 11-13. Lavery argues that both Hampers and Reyes involved suits that were actually alternative mechanisms to enforce ERISA rights, because the underlying challenged act by the employer in both cases was the failure of the employer to enroll the employees in a benefits plan. D. 17 at 12-13. In contrast, he contends, RH's purportedly wrongful act here was the decision to classify Lavery as an independent

contractor and thus his suit proceeds against RH in its "individual capacity" rather than as the administrator of a benefits plan.  D. 17 at 9 (quoting Hampers, 202 F.3d at 53).

Certainly, both Hampers and Reyes involve challenges to an employer's decision with respect to the benefits plan, whereas Lavery's claim involves a challenge to an employer's decision with respect to the employment contract, and thus, similar to Remington and unlike in Hampers or Reyes, the terms of the plan are not relevant to the issue of liability under Lavery's state law claims, but only to the issue of damages.  Nevertheless, Hampers also ruled that "ERISA preempts state law causes of action for damages where the damages must be calculated using the terms of an ERISA plan."  Hampers, 202 F.3d at 52 (citing Carlo, 49 F.3d at 794).

Lavery contends, however, that this statement from Hampers cannot mean what it says. Lavery points to cases from other circuits holding that a complaint that merely requires reference to the terms of an ERISA-covered plan to determine damages is not preempted by ERISA. Funkhouser v. Wells Fargo Bank, N.A., 289 F.3d 1137, 1143-44 (9th Cir. 2002) (noting that "[i]t would lead to absurd results if ERISA preempted claims simply because employee benefit plans were relevant to calculating damages. . . . Notably, ERISA would pre-empt most garden-variety wrongful termination suits because the value of employee benefits would be relevant in calculating damages"), abrogated in part on other grounds by Aetna Health Inc. v. Davila, 542 U.S. 200 (2004); see Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 453 (6th Cir. 2003) (holding a claim is not preempted because the damages calculation would require reference to the plan); Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1406-07 (11th Cir. 1994) (same); Hospice of Metro Denver, Inc. v. Grp. Health Ins. of Okla., Inc., 944 F.2d 752, 755 (10th Cir. 1991) (same); Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120-21 (4th Cir. 1989) (same).  The only case Lavery cites from the First Circuit, however, is Boston Children's Heart Foundation, Inc. v. Nadal-Ginard, 73

F.3d 429 (1st Cir. 1996), a case which did not directly address the issue at hand.

In <u>Carlo</u>, 49 F.3d at 794 (citing <u>Pace v. Signal Tech. Corp.</u>, 417 Mass. 154, 160 (1994)), the First Circuit acknowledged that other courts had reasonably concluded that preemption in that situation might "leave plaintiffs remediless," and that it would "defy logic to presume that Congress intended to preempt" in that situation. <u>Id.</u> at 794 (quoting <u>Greenblatt v. Budd</u>, 666 F. Supp. 735, 742 (E.D. Pa. 1987)). The First Circuit found preemption nonetheless due to the literal reading of ERISA's preemption provision set forth in <u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S. 133 (1990). But, in <u>Travelers Insurance</u>, the Supreme Court "acknowledged the unworkability of a literal reading of [29 U.S.C. § 1144(a)]'s 'relate to' standard and ruled that courts must 'look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.'" <u>Hampers</u>, 202 F.3d at 51 (quoting <u>Travelers Ins. Co.</u>, 514 U.S. at 656). The First Circuit in <u>Hampers</u> did not explicitly address the issue of whether <u>Carlo</u> survived the shift by the Supreme Court in <u>Travelers Insurance</u>. <u>See</u> <u>Miara v. First Allmerica Fin. Life Ins. Co.</u>, 379 F. Supp. 2d 20, 48 (D. Mass. 2005) (questioning whether <u>Carlo</u> is good law after <u>Travelers Insurance</u>).

Until the First Circuit revisits its view articulated in <u>Hampers</u>, however, this Court is bound to follow it. <u>See</u> <u>Doe v. Friendfinder Network, Inc.</u>, 540 F. Supp. 2d 288, 299 (D.N.H. 2008) (noting that "[t]his court will follow First Circuit dicta over the contrary holding of another appeals court, then, absent a particularly compelling reason to do otherwise").

V.      **Conclusion**

For the foregoing reasons, the Court ALLOWS RH's partial motion to dismiss the complaint to the extent that it seeks damage related to Lavery's non-participation in ERISA-covered plans, D. 14.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge